PETWAY v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12,049. Decided Oct. 12, 1931

Moses H. Dixon, Cleveland, for plaintiff in error.

Erwin H. Boers and Norman A. Ryan, Cleveland, for defendant in error.

VICKERY, J.

Now this was found in the bedroom of plaintiff in error in a pitcher on her dresser, and plaintiff in error testified and so told the officers that she had this whiskey there for her own use. There is not a particle of evidence in the record to dispute that proposition. There is not a particle of evidence in this record to show that she trafficked in liquor. The evidence is exactly to the contrary, that she had never sold any liquor in that place and what she had was for her own private use. Whereupon the trial judge asked the defendant whether she had a doctor's prescription and she said she did not. The Judge promptly then overruled the motion to suppress the evidence, and after the evidence was introduced which did not show any different state of facts, the court promptly found her guilty, holding that the mere possession of liquor in her house was an offense under the statute, unless she had a prescription from a doctor which authorized her to have it.

This is not the law. This court has repeatedly held that it is perfectly lawful to have whiskey or liquor in one's possession if it is not used in trafficking in liquor, and trafficking in liquor can be proven by a proof of sale or of circumstances from which a sale might be presumed.

In this case there is nothing which would have warranted the officers in assuming there was a violation of the law, nor after they got into the house to warrant the court in holding this woman guilty of the offense charged in the affidavit. It must be remembered that it is the **unlawful** possession of liquor that constitutes the offense. We have pointed out repeatedly that the unlawful possession of liquor is in having it for the purpose of trafficking in liquor and that it is not an offense for a person to have liquor in his house with or without a prescription from a physician. It might be unlawful to transport it from the place where it is procured to the house without a prescription from a doctor, but after it is there the commission of that crime has ceased, and the possession alone is not an offense.

As already stated, this court has repeatedly decided this question and it would be seemly if the lower courts would learn of the decision of this court when they are passing upon these cases.

There is nothing in this record that would warrant a conviction of this woman, for there is no evidence of an illegal or unlawful possession of liquor in her home.

The judgment of the court below will, therefore, be reversed, and there being no evidence which would warrant a conviction the plaintiff in error is discharged.

Judgment reversed and plaintiff in error discharged.

LEVINE, PJ and WEYGANDT, J, concur in judgment.